IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DARRELL L. GRAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 12-1208-JDT |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING MOTION TO DISMISS
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The *pro se* Plaintiff, Darrell L. Graves, filed a complaint against the Social Security Administration ("SSA") using the form for filing an action pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. (Docket Entries 1 & 2.) On September 14, 2012, the Court granted leave to proceed *in forma pauperis* and directed the Clerk to issue process and deliver it to the U.S. Marshal for service. (D.E. 3.)

In his complaint, Plaintiff challenges the SSA's denial of his request to be appointed a representative payee for his minor child. Specifically, he challenges the SSA's refusal to divide the child's benefits proportionately between him and the child's mother based on the fact that he has physical custody of the child for approximately one-third of the year. The SSA has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to

state a claim on which relief may be granted. (D.E. 8.) Plaintiff has filed a response in opposition to the motion to dismiss. (D.E. 9.)

In support of the motion to dismiss, the SSA has submitted the Declaration of Tiffany Schaefer. (Schaefer Decl., D.E. 8-1.)[1] In her Declaration, Schaefer states that the mother of Plaintiff's minor child, Jamica Fontan Beauregard, applied to be his representative payee on May 20, 2010.[2] As Ms. Beauregard is the child's primary custodial parent, it was determined that she would best serve his interests. Therefore, she was appointed as his representative payee on June 6, 2010. (Id. ¶¶ 8-9 & Exs. A-C, at 2, 5-18.)

On May 31, 2011, Plaintiff submitted a request to be selected as the child's representative payee. However, Plaintiff did not submit any evidence that Ms. Beauregard was not using the benefits for the child's current maintenance or that he was not being cared for. Therefore, by letter dated June 17, 2011, the SSA notified Plaintiff that it had determined there was no basis to change the child's representative payee. Plaintiff was advised that if he disagreed with the decision to retain Ms. Beauregard as the child's representative payee, he had 60 days to appeal. However, Plaintiff did not ask for reconsideration. (Id. ¶¶ 10-11 & Exs. D-E, at 2-3, 19-25.)

On July 10, 2012, Plaintiff went to the SSA Field Office in Selmer, Tennessee. He complained that Ms. Beauregard would not give him any of the child's benefits and asked

---

[1] Schaefer is a Social Insurance Program Specialist in the SSA's Region IV Regional Office in Atlanta, Georgia who specializes in representative payee policy issues arising in the Retirement and Survivors Insurance Program. She is familiar with the SSA's operational systems and has reviewed the entries and notices relevant to this case contained in those systems, particularly in the Representative Payee System. (Id. ¶¶ 1-3, D.E. 8-1 at 1.)

[2] The minor child was found to be entitled to auxiliary benefits beginning in April 2008, based on an award of disability insurance benefits to Plaintiff. (Id. ¶¶ 4-6, at 1-2.)

that SSA pay him one-third of the child's benefits each month. However, Plaintiff again offered no evidence that the child was not being cared for. He was advised that the SSA would appoint only one representative payee at a time. (Id. ¶ 12 & Ex. F, at 3, 26.) The same day, Plaintiff again applied to be the child's representative payee, stating that he had never received any of the benefits from Ms. Beauregard even though he had custody of the child for 120 days each year. (Id. ¶ 13 & Ex. G, at 3, 27-32.) On July 27, 2012, the SSA again determined there was no reason to change the child's representative payee, and Plaintiff was advised of his right to appeal within 60 days if he disagreed with the selection of Ms. Beauregard at the representative payee. (Id. ¶ 14 & Ex. H, at 3, 33-34.)

Plaintiff submitted a request for reconsideration, arguing that under "Social Security Policy 1617.1," Ms. Beauregard's failure to give him a proportionate amount of the child's benefits constitutes misuse of those benefits. He complained that having to use his own disability benefits to provide for his child's needs during those times he had physical custody created a financial hardship. Plaintiff further asserted that he was owed one-third of the benefits from the time the child began receiving them. However, the request for reconsideration was denied on August 23, 2012. (Id. ¶¶ 15-16 & Exs. I-J, at 3-4, 35-37.) Plaintiff was given no further appeal rights.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941), quoted in Hercules Inc. v. United States, 516 U.S. 417, 422-23 (1996). Pursuant to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

This method of review is exclusive:

> No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The SSA's regulations define a "final decision" as an initial determination that has been pursued through the complete administrative process and which is then subject to judicial review. See 20 C.F.R. § 404.900(a)(5). The choice of a representative payee is such an initial determination. 20 C.F.R. § 404.902(q). However, the denial of a request to be made a representative payee is not an initial determination and is not subject to judicial review. 20 C.F.R. § 404.903(c). Accordingly, the SSA's decision to deny Plaintiff's request to be a representative payee for his minor child, either solely or jointly with Ms. Beauregard, and to reimburse him for back benefits is not subject to judicial review under the applicable regulations and 42 U.S.C. § 405(g). This Court, therefore, does not have subject matter jurisdiction in this case.

In the alternative, the Court finds that Plaintiff's complaint fails to state a claim on which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the

United States (2) committed by a defendant acting under color of state law.³ Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Plaintiff cannot sue the SSA under § 1983 because it does not act under color of state law. Federal agencies and employees act under color of federal law and, therefore, are not subject to suit under § 1983. Smith v. Breen, No. 09-2770-STA-tmp, 2010 WL 2557447, at *7 n.14 (W.D. Tenn. June 21, 2010); see also Billings v. United States, 57 F.3d 797, 801 9th Cir. 1995); Banks v. United States, No. 10 Civ. 6613(GBD)(GWG), 2011 WL 4100454, at *7 (S.D.N.Y. Sept. 15, 2011) ("Federal employees act under the color of federal law, not state law, however, and therefore cannot be subject to liability under § 1983.") (report and recommendation), adopted, 2011 WL 5454550 (S.D.N.Y. Nov. 9, 2011); Huertas v. United States, No. Civ. 04-3361(RBK), 2005 WL 1719143, at *3 (D.N.J. July 21, 2005).

The Court declines to construe Plaintiff's claims as arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a right of action against federal employees who violate an individual's rights under the United States Constitution. See Mitchell v. Chapman, 343 F.3d 811, 825 (6th Cir. 2003) ("Mitchell did not allege a Bivens claim . . . ; rather, he averred claims pursuant to Section 1983. There lacks any authority in support of Mitchell's blanket proposition that a court

---

³ Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

must convert a Section 1983 claim asserted against federal officials to one asserting Bivens violations.").

Even if Plaintiff had filed a Bivens claim, it would be subject to dismissal. As discussed, *supra*, "[a]bsent a waiver of sovereign immunity, the Federal Government is immune from suit." Loeffler v. Frank, 486 U.S. 549, 554 (1988); see also United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States cannot be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity must be clear and unequivocally expressed. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). In order to sue a federal agency or officer, a plaintiff must identify a waiver of sovereign immunity. Smith v. Bernanke, 283 F. App'x 356, 357 (6th Cir. 2008); Toledo v. Jackson, 485 F.3d 836, 838 (6th Cir. 2007); Reetz v. United States, 224 F.3d 794, 795 (6th Cir. 2000).

The United States has not waived its immunity to suits asserting Bivens claims. Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. The United States has not waived its immunity to suit in a Bivens action." (citation omitted)); Miller v. Fed. Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages"); Lundstrum v. Lyng, 954 F.2d 1142, 1146 (6th Cir. 1991) ("A Bivens action may not be maintained against the United States."). Sovereign immunity also bars Bivens actions against the United States or its agencies for declaratory and injunctive relief. Wolverton v.

United States, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); United States v. Rural Elec. Convenience Coop. Co., 922 F.2d 429, 434 (7th Cir. 1991).

Because the Court does not have subject matter jurisdiction under 42 U.S.C. § 405(g) and because, in the alternative, the complaint fails to state a claim on which relief may be granted, the Defendant's motion to dismiss is GRANTED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to grant the Defendant's motion to dismiss also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is,

therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of motions intended for filing in the Sixth Circuit.